UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PITT,<br><br>   Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; DAVID SMITH; TIM SCHWUCHOW; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.: 16cv515 CAB (NLS)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **July 22, 2016**. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

   1.   Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **September 22, 2016**.

   2.   All fact discovery shall be completed by all parties by **January 27, 2017**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date,

1

taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3.	The parties shall designate their respective experts in writing by **February 27, 2017**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **March 27, 2017**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

4.	By **February 27, 2017**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5.	Any party shall supplement its disclosure regarding contradictory or rebuttal

evidence under Fed. R. Civ. P. 26(a)(2)(D) by **March 27, 2017**.

    6.    All expert discovery shall be completed by all parties by **May 26, 2017**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

    7.    Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

    8.    All other pretrial motions including those addressing Daubert issues must be filed by **May 26, 2017**. Counsel for the moving party must obtain a motion hearing date from Judge Bencivengo's law clerk. Failure to make a timely request for a motion date may result in the motion not being heard. No oral argument will be scheduled unless ordered by the Court. Opposition briefs must be filed no later than fourteen days after the motion was filed, and any reply briefs must be filed no later than seven days after the opposition briefs. A schedule for motions in limine will be set at the final pretrial conference.

    9.    A Mandatory Settlement Conference shall be conducted on **July 26, 2017** at **2:30 p.m.** in the chambers of Magistrate Judge **Nita L. Stormes**. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **July 19, 2017**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

    10.    Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **September 1, 2017**. **[OR - for Jury Trial cases, use the following:]** In jury trial cases before Judge Bencivengo, neither party is required to file Memoranda of Contentions of Fact and Law.

    11.    Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **September 1, 2017**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **September 8, 2017**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

    1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

    3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

    4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

    5. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

    6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

7. Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

13. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **September 15, 2017**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 22, 2017**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cathy Ann Bencivengo** on **September 29, 2017** at **2:30 p.m.**

16. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

17. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18. The dates and times set forth herein will not be modified except for good cause shown.

19. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents

and a table of authorities cited.

20. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: July 22, 2016

Hon. Nita L. Stormes
United States Magistrate Judge